## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MOISES B TRUJILLO,**

**Plaintiff,**

v.

**LATOYA HUGHES,** *Acting Director of IDOC,*
**ANTHONY WILLS,** *Warden of Menard,*
**JOHN DOE/JANE DOE 1,** *IDOC/Wexford Medical Director,*
**JOHN DOE/JANE DOE 2,** *IDOC Transfer Coordinator,*
**JOHN DOE/JANE DOE 3,** *CEO Maker for Bantry Group Corporation,* **and**
**JOHN DOE/JANE DOE 4,** *CEO/Policy Maker for Wexford Health Sources Inc.,*

**Defendants.**

**Case No. 25-cv-00041-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Moises Trujillo, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. §1983 for alleged deprivations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that since he arrived at Menard Correctional Center on September 7, 2021,

he has been denied needed medical care for his hernia, including repair surgery, and treatment for ongoing pain. (Doc. 13, p. 8).

### DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

**Count 1:** Fifth and Fourteenth Amendment claim against Defendants for subjecting Plaintiff to atypical and significant hardship without due process of law.

**Count 2:** Eighth Amendment claim against Defendants for deliberate indifference to Plaintiff's serious medical needs.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly[1]* pleading standard.**

The Court dismisses Count 1 in its entirety. Plaintiff's claim for the denial of inadequate medical care arises under the Eighth Amendment, and he "gains nothing by attracting additional constitutional labels," and bringing the claim also under the Fifth and Fourteenth Amendments. *Conyers v. Abitz,* 416 F. 3d 580, 586 (7th Cir. 2005). *See also Luellen v. Schwartz,* No. 14 C 8148, 2016 WL 6442178, at *4 (N.D. Ill. 2016) (because a plaintiff's "substantive interest in adequate medical treatment cannot be taken away at all, he cannot complain that it was taken away without procedural protections").

As for Count 2, Plaintiff claims that he is suing Defendants in their official and individual capacities. He seeks monetary damages and injunctive relief. The Court will address Plaintiff's individual capacity claims first. Prison officials and medical staff violate the Eighth Amendment's

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Furthermore, in order to assert liability for damages under Section 1983, the plaintiff must plead that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). There is no respondeat superior liability Section 1983. An individual cannot be held liable solely because of his or her supervisory position.

Here, Plaintiff does not provide any details of Defendants' conduct or their individual involvement in his medical care. In fact, Defendants are not mentioned in the statement of claim at all. Rather, Plaintiff repeats that it is "Menard C.C." who has subjected him hardship, failed to provide medical care, failed to transfer him to a facility to receive hernia repair surgery, and failed to enforce compliance with regulations, rules, and laws. These statements are not sufficient to support a deliberate indifference claim against Defendants. Accordingly, Count 2 is dismissed against Defendants in their individual capacities for monetary damages under Section 1983.

As for Plaintiff's claims against Defendants in their official capacities, "[o]fficial-capacity suits…generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (citing *Monell v. New Your City Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 55 (1978)). The employees of IDOC – Warden Wills, Director Hughes, John Doe 1,[2] and John Doe 2 – cannot be sued in their official capacities for monetary damages under Section 1983 and any such claims are dismissed as barred under the

---

[2] Defendant John Doe 1 is described as "IDOC/Wexford's Medical Director." (Doc. 13, p. 2). The Court will treat John Doe 1 as an employee of IDOC and dismisses any claims to the extent they are brought against Wexford employees for the reasons discussed in this Order.

Eleventh Amendment. *See Gerlach v. Rokita,* 95 F. 4th 493, 498-99 (7th Cir. 2024); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)

There is, however, an exception to state sovereign immunity under the Eleventh Amendment. "*Ex parte Young* permits a narrow set of claims against state officials when a 'plaintiff seeks prospective relief against an ongoing violation of federal law.'" *Gerlach,* at 499 (quoting *Driftless Area Land Conservancy v. Valcq,* 16 F. 4th 508, 521 (7th Cir. 2021)). Plaintiff appears to be claiming that his constitutional rights continue to be violated, as he has still not received proper medical treatment for his hernia. He seeks "adequate medical surgery, hernia repaired, to determine cause of testicular pain and to treat any and all injuries." (Doc. 13, p. 10). These allegations are sufficient for a claim of injunctive relief to proceed against Wills, Hughes, John Doe 1 (IDOC medical director), and John Doe 2 (IDOC transfer coordinator) in their official capacities. *See Borkholder v. Lemmon,* 983 F. Supp. 2d 1013, 1018 (N.D. Ind. 2013) ("Unlike a claim for monetary damages, an official capacity claim for equitable relief does not require personal involvement by the defendant.").

Count 2 is dismissed against employees of Wexford Health Source, Inc. and Bantry Group in their official capacities – John Does 3 and 4. As stated, a lawsuit against an individual in his or her official capacity is equivalent to suing the entity they represent. Under Section 1983, Wexford Health Source, Inc. (Wexford), a corporation that employs the medical provider defendants and provides medical care at the prison, cannot be held liable solely on that basis. The same is true for Wexford's insurer Bantry Group. Rather, regardless of the type of relief sought, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, In*c., 300 F.3d 760, 766 n.6 (7th Cir. 2002)

(private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff does not allege that any individual defendant either acted or failed to act because of an official Wexford or Bantry Group policy. Therefore, he fails to state a viable claim in Count 2 against John Does 3 and 4 in their official capacities.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** is **DISMISSED**. **COUNT 2** will proceed against Hughes, Wills, John Doe 1, and John Doe 2 in their official capacities for injunctive relief only. **COUNT 2** is dismissed against John Does 3 and 4. Because there are no surviving claims against John Does 3 and 4, they shall be **TERMINATED** as defendants on the docket.

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Defendants Hughes, Wills, John Doe 1 (IDOC medical director), and John Doe 2 (IDOC transfer coordinator) (official capacities only) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known,

his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 20, 2025**

_s/Stephen P. McGlynn_____
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.